**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1761-15T3

TERRI L. HACKETT,

    Plaintiff-Appellant,

v.

WILLIAM MUSEY and JOAN
MUSEY,

    Defendants-Respondents.

_____

Submitted February 27, 2017 — Decided March 24, 2017

Before Judges Sabatino and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-1125-14.

Glen L. Schemanski, attorney for appellant.

Green, Lundgren & Ryan, P.C., attorneys for respondents (Francis X. Ryan, on the brief).

PER CURIAM

    In this action where plaintiff Terri L. Hackett was knocked to the ground by a neighbor's dog, we address plaintiff's appeal from the November 16, 2015 order granting summary judgment in favor of defendant neighbors William and Joan Musey. After a

review of the contentions in light of the applicable principles of law, we are satisfied that the trial judge correctly held that plaintiff had failed to present a genuine factual issue that defendants possessed the requisite scienter to hold them liable for the actions of their dog and therefore summary judgment was appropriate. We affirm.

We derive the facts from the summary judgment record, viewing them in a light most favorable to the non-movant plaintiff. In March 2012, plaintiff brought her rat terrier, Chancellor, to defendants' property for a social visit. Chancellor and Molly, defendants' sixty-pound Labrador, were permitted to run around the backyard without leashes while plaintiff observed them from a wooden swing. Plaintiff stated that she got up from the swing and started walking across the backyard with her dog Chancellor in front of her, when Molly suddenly knocked her down from behind, causing her to sustain injury.

Defendants moved for summary judgment, and after oral argument, Judge Robert G. Millenky granted the motion. Relying on Jannuzzelli v. Wilkins, 158 N.J. Super. 36 (App. Div. 1978), the judge found that defendants had no liability for the injury caused by their dog because plaintiff could not prove defendants knew or should have known their dog would have acted in a way that would cause harm to another. This appeal followed.

A-1761-15T3

We review a grant of summary judgment under the same standard as the trial court.  Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 41 (2012).  Summary judgment is proper where there is no genuine issue of material fact, when the evidence is viewed in the light most favorable to the non-moving party, and the moving party is entitled to prevail as a matter of law.  Id. at 38, 41; R. 4:46-2 (c).

Plaintiff argues on appeal that defendants were negligent in allowing their sixty-pound dog to run freely on their property in the presence of guests and contends that the trial judge's reliance on Jannuzzelli was erroneous.  We disagree.

In the case of a dog bite, the New Jersey dog bite statute, N.J.S.A. 4:19-16, imposes absolute liability on the dog owner for resulting damages.  In Jannuzzelli, we explained that absent such a dog bite, a common law cause of action for absolute liability is available to a plaintiff injured by the actions of a dog if a plaintiff can prove the defendant had "scienter" — knowledge - of the dog's "vicious or mischievous propensities." Jannuzzelli, supra, 158 N.J. Super. at 41.  Scienter is not limited to malicious behavior; any prior knowledge by the dog owner that "the disposition of the animal is such that it is likely to commit a similar injury to that complained of, be it in anger or play, is sufficient to maintain the action."  Id. at 41-42.  Without

A-1761-15T3

scienter, an injured plaintiff is limited to bringing a negligence action. DeRobertis v. Randazzo, 94 N.J. 144, 156 (1983).

In applying these principles, we are satisfied the grant of summary judgment was appropriate. Plaintiff did not present any evidence that defendants had any knowledge, actual or constructive, that Molly possessed mischievous, excitable or vicious propensities. The judge concluded that Molly inadvertently bumped into plaintiff while chasing her dog; her movement was not directed at plaintiff. Plaintiff knew the dogs were running around the backyard unleashed and declined to either insist that defendants' dog be placed on a leash or remove her own dog from the situation.

Judge Millenky correctly found that plaintiff had presented no proof of scienter or negligent conduct on the part of defendants. He stated: "Given the absence of scienter and the absence of any suggestion of scienter, this Court cannot find a manner in which a reasonable fact finder would conclude that the defendants knew of, and nonetheless allowed, their dog to act in a way that would cause harm to another."

We briefly address plaintiff's contention that the summary judgment motion was premature as the discovery period had not ended. During oral argument, the trial judge asked plaintiff's counsel whether there was any pending discovery that would address

A-1761-15T3

the issue of scienter, to which counsel acknowledged there was none.  We are satisfied that additional discovery would not have supplied "'necessary information' to establish a missing element in the case."  See Mohamed v. Iglesia Evangelica Oasis De Salvacion, 424 N.J. Super. 489, 498 (App. Div. 2012) (citation omitted); see also R. 4:46-5.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION